UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SWEENEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY SUPERIOR COURT(BRUCE C MILLS), et al.,<br><br>    Defendants. | Case No. 16-cv-04683-HSG<br><br>**ORDER DISMISSING ACTION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>Re: Dkt. No. 2 |

Pending before the Court is pro se Plaintiff Joseph Sweeney's motion for a temporary restraining order ("TRO"). Dkt. No. 2 ("Mot."). For the reasons articulated below, the action is DISMISSED WITHOUT PREJUDICE and Plaintiff's motion is DENIED AS MOOT.

**I.  BACKGROUND**

On August 12, 2016, Judge Bruce C. Mills of Contra Costa County Superior Court found Plaintiff in contempt on five counts of violating a restraining order. Dkt. No. 1 ("Compl.") ¶ 3. Consequently, Plaintiff was sentenced to 25 days in jail, a $5,000 fine, and $18,000 in attorneys' fees sanctions. *Id.* ¶ 32. Plaintiff was scheduled to be taken into custody on August 16, 2016, at 8:30 a.m. following a 72-hour stay of his sentencing. *Id.* at 14, ¶ 32.

On August 15, 2016, Plaintiff filed a verified complaint before this Court, seeking a preliminary restraining order to prevent Contra Costa Superior Court from taking Plaintiff into custody the following morning. *Id.* at 14. Plaintiff's complaint purports to (1) assert claims under 42 U.S.C. § 1983 for violation of his free speech and due process rights and (2) be a petition for writ of habeas corpus. *Id.* ¶¶ 6, 38. Also on August 15, 2016, Plaintiff filed a motion for a TRO and preliminary injunction "to enjoin the decision of Judge Mills of Contra Costa County to imprison Sweeney." Mot. at 1.

## II. DISCUSSION

### A. Legal Standard — Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A court may sua sponte dismiss an action for failure to state a claim if the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Barnard v. U.S. Gov't*, 635 F. App'x 388 (9th Cir. 2016); *Gambill v. United States*, 554 F. App'x 558 (9th Cir. 2014). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted). Further still, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

### B. Analysis

As noted above, Plaintiff's complaint purports to raise a claim under 42 U.S.C. § 1983, and also to be a petition for writ of habeas corpus. *See* Compl. ¶¶ 6, 38. Because Plaintiff is a pro se litigant asserting violations of his civil rights, the Court will construe the complaint liberally and consider it as both an action under § 1983 and a writ of habeas corpus. *See Karim–Panahi*, 839 F.2d at 623.

#### i. Section 1983 Action

First, the Court construes Plaintiff's complaint as a § 1983 action asserting violation of his free speech and due process rights.

As an initial matter, it is unclear whether the Superior Court proceedings are ongoing. If the proceedings are completed, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine. "Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156. Assuming state court proceedings have been completed, it appears that Plaintiff is trying to appeal to this Court from the judgment of the Superior Court, which is forbidden by the *Rooker-Feldman* doctrine.

Alternatively, if proceedings are not completed, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate. A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). *Younger* abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that

would interfere with state civil cases and state administrative proceedings." *Id.* Assuming state proceedings are ongoing, all the conditions for abstention are met here.

Accordingly, Plaintiff's § 1983 claims are either barred by *Rooker-Feldman* or require this Court to abstain under *Younger*. The Court DISMISSES WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND Plaintiff's claims to the extent that they arise under § 1983.

### ii. Petition for Writ of Habeas Corpus

Next, the Court considers Plaintiff's complaint as a petition for writ of habeas corpus.

An individual challenging the fact or duration of his confinement, who requests immediate release or a speedier release from confinement, must seek relief by filing a petition for writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). However, a federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *See Carafas*, 391 U.S. at 238. Furthermore, the federal habeas corpus statute requires that a plaintiff exhaust all state court remedies before filing a petition in federal court. 28 U.S.C. § 2254(b)(1); *Wilkinson*, 544 U.S. at 79; *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).

Plaintiff was not in custody at the time that he filed his complaint, Compl. ¶ 37, and the Court thus does not have jurisdiction to entertain his purported habeas petition. Moreover, Plaintiff concedes that he has not yet filed a petition for writ of habeas corpus before the California Supreme Court, Dkt. No. 13 ¶ 8, and he presents no evidence that he took any direct appeal of the Superior Court's order. Accordingly, Plaintiff also has failed to satisfy the federal habeas corpus statute's exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1).

As such, the Court DISMISSES WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND Plaintiff's claims to the extent that he seeks to bring a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) ("A dismissal for failure to exhaust does not render a later petition an abuse of the writ under *McCleskey*.").

### iii. Motion for TRO

For the above-described reasons, Plaintiff does not state a valid claim for relief under § 1983 or the federal habeas corpus statute. Because the Court has dismissed without prejudice

4

1 Plaintiff's complaint in its entirety for failure to state a claim, the Court also DENIES AS MOOT
2 Plaintiff's motion for a TRO.

### III. CONCLUSION

The Court hereby (1) DISMISSES WITHOUT PREJUDICE Plaintiff's complaint and (2) DENIES AS MOOT Plaintiff's motion for a TRO.  Because amendment would be futile, the dismissal is without leave to amend.  However, this Order is without prejudice to Plaintiff bringing an appropriate federal writ of habeas corpus after he has exhausted his state court remedies.

The Clerk of the Court shall enter judgment and close the file.  The Clerk shall send Plaintiff a blank habeas corpus form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated: 8/30/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge